IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
FIREMAN'S FUND INSURANCE
COMPANY
As Subrogee of
David Ryan                             :    CIVIL ACTION NO. 05 10786 NMG
777 Marin Drive                        :
Novado, California 94998               :
                                       :
            Plaintiff                  :    MAGISTRATE JUDGE
                                       :
      v.                               :    JURY TRIAL DEMANDED
                                       :
WHIRLPOOL CORPORATION                  :
200 North M-63                         :
Benton Harbor, MI 49022                :
                                       :    APRIL 12, 2005
            Defendant                  :
```

## COMPLAINT

NOW COMES Plaintiff, Fireman's Fund Insurance Company (hereinafter "FFIC") by and through its undersigned counsel, hereby demands judgment against Defendant Whirlpool Corporation (hereinafter "Whirlpool"), and in support thereof avers as follows:

1.  Plaintiff "FFIC" is a corporation organized an existing under laws of the State of California with a principal place of business at 777 San Marin Drive, Novado, California 94998 which at all times material hereto was duly authorized to issue insurance policies in the Commonwealth of Massachusetts.

2.  Defendant Whirlpool is a corporation authorized to conduct business

within the Commonwealth of Massachusetts with its principal place of business located at 2000 North M-63, Benton Harbor, Michigan, 49022.

## JURISDICTION AND VENUE

3. The jurisdiction of this court is invoked pursuant to 28 U.S.C. §1332(a). The matter in controversy exceeds, exclusive of interest and costs, the sum of Three Hundred Thirty-Three Thousand, Five Hundred Seventy-Three Dollars ($333,573.00) and there is diversity of citizenship between the Plaintiff and the Defendant.

4. Venue in this action is in the District of Massachusetts pursuant to 28 U.S.C. §1391 as the claim arose in this district.

## GENERAL ALLEGATIONS

5. FFIC's insured, David Ryan, at all times mentioned herein was the owner of residential property known as 7 Sandpiper Way, Nantucket, Massachusetts (hereinafter referred to as "the premises").

6. Prior to November 25, 2003, FFIC issued a policy of insurance to David Ryan, Policy Number NZB 02805730, which provided insurance coverage for the premises.

7. At all times material hereto, Whirlpool was a manufacturer and distributor of kitchen appliances.

8. At all times material hereto, the premises was equipped with a KitchenAid refrigerator, model number KTRS22KHW, that was designed, manufactured and distributed by Whirlpool.

(c) carelessly, recklessly and negligently designing, manufacturing, distributing and selling the refrigerator in a defective and unreasonably dangerous condition;

(d) carelessly, recklessly and negligently failing to adequately, properly and safely inspect and/or test the refrigerator and to make the necessary corrections and adjustments thereto, which inspections and tests would have revealed the existence of the aforesaid dangerous condition, and which adjustments and/or corrections would have remedied same;

(e) carelessly, recklessly and negligently failing to discover defects in the refrigerator;

(f) carelessly, recklessly and negligently failing to exercise the requisite degree of care and caution in the design, manufacture, distribution and sale of the refrigerator;

(g) carelessly, recklessly and negligently failing to properly and adequately design and manufacture the refrigerator in order to provide a safe product;

(h) carelessly, recklessly and negligently failing to adequately, properly and/or completely supervise its personnel in the design, manufacture, distribution and sale of the refrigerator; and

(i) carelessly, recklessly and negligently failing to remove the refrigerator from the market when the defendant knew or should have known of the defects in the refrigerator and that they constituted a danger;

14. As a direct and proximate result of Whirlpool's designing, manufacturing and selling a product that was in a defective, unreasonably dangerous condition, the fire and damages referred to above occurred.

WHEREFORE, Plaintiff FFIC demands judgment against Defendant Whirlpool in excess of Three Hundred Thirty-Three Thousand, Five Hundred Seventy-Three Dollars ($333,573.00), together with interest, the cost of this action, fees, punitive damages and such other and further relief as this Court deems just and proper.

## COUNT II

## BREACH OF EXPRESS WARRANTY

1-13.   FFIC incorporates by reference each and every allegation set forth in paragraphs 1-13 above as though the same were fully set forth herein at length.

14.   Whirlpool, by virtue of advertisements, promotional literature, and/or sales brochures, made certain express warranties to the general public, and to FFIC's insured in particular, that the refrigerator was safe and free from defects.

15.   Whirlpool breached its express warranties in:

(a)   designing, manufacturing, selling and/or otherwise placing into the stream of commerce a refrigerator that was in a defective condition, unreasonably dangerous to consumers, including FFIC's insured herein;

(b)   failing to adequately warn FFIC's insured of the defects in the refrigerator when Whirlpool knew or should have known of the defects and that they constituted a danger;

(c)   carelessly, recklessly and negligently designing, manufacturing, distributing and selling the refrigerator in a defective and unreasonably dangerous condition;

(d)   carelessly, recklessly and negligently failing to adequately, properly and safely inspect and/or test the refrigerator and to make the necessary

corrections and adjustments thereto, which inspections and tests would have revealed the existence of the aforesaid dangerous condition, and which adjustments and/or corrections would have remedied same;

(e) carelessly, recklessly and negligently failing to discover defects in the refrigerator;

(f) carelessly, recklessly and negligently failing to exercise the requisite degree of care and caution in the design, manufacture, distribution and sale of the refrigerator;

(g) carelessly, recklessly and negligently failing to properly and adequately design and manufacture the refrigerator in order to provide a safe product;

(h) carelessly, recklessly and negligently failing to adequately, properly and/or completely supervise its personnel in the design, manufacture, distribution and sale of the refrigerator; and

(i) carelessly, recklessly and negligently failing to remove the refrigerator from the market when the defendant knew or should have known of the defects in the refrigerator and that they constituted a danger;

16. As a direct and proximate result of Whirlpool's breach of its express warranties by designing, manufacturing and selling a product that was in a defective, unreasonably dangerous condition, the fire and damages referred to above occurred.

WHEREFORE, Plaintiff FFIC demands judgment against Defendant Whirlpool in excess of Three Hundred Thirty-Three Thousand, Five Hundred Seventy-Three Dollars ($333,573.00), together with interest, the cost of this action, fees, punitive damages and such other and further relief as this Court deems just and proper.

## COUNT III

## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

1-13.   FFIC incorporates by reference each and every allegation set forth in paragraphs 1-13 above as though the same were fully set forth herein at length.

14.   Whirlpool impliedly warranted that the refrigerator was of merchantable quality.

15.   Whirlpool breached its implied warranty of mechantability in:

(a)   designing, manufacturing, selling and/or otherwise placing into the stream of commerce a refrigerator that was in a defective condition, unreasonably dangerous to consumers, including FFIC's insured herein;

(b)   failing to adequately warn FFIC's insured of the defects in the refrigerator when Whirlpool knew or should have known of the defects and that they constituted a danger;

(c)   carelessly, recklessly and negligently designing, manufacturing, distributing and selling the refrigerator in a defective and unreasonably dangerous condition;

(d)   carelessly, recklessly and negligently failing to adequately, properly and safely inspect and/or test the refrigerator and to make the necessary corrections and adjustments thereto, which inspections and tests would have revealed the existence of the aforesaid dangerous condition, and which adjustments and/or corrections would have remedied same;

(e)   carelessly, recklessly and negligently failing to discover defects in the refrigerator;

(f) carelessly, recklessly and negligently failing to exercise the requisite degree of care and caution in the design, manufacture, distribution and sale of the refrigerator;

(g) carelessly, recklessly and negligently failing to properly and adequately design and manufacture the refrigerator in order to provide a safe product;

(h) carelessly, recklessly and negligently failing to adequately, properly and/or completely supervise its personnel in the design, manufacture, distribution and sale of the refrigerator; and

(i) carelessly, recklessly and negligently failing to remove the refrigerator from the market when the defendant knew or should have known of the defects in the refrigerator and that they constituted a danger;

16. As a direct and proximate result of Whirlpool's breach of its implied warranty of merchantability by designing, manufacturing and selling a product that was in a defective, unreasonably dangerous condition, the fire and damages referred to above occurred.

WHEREFORE, Plaintiff FFIC demands judgment against Defendant Whirlpool in excess of Three Hundred Thirty-Three Thousand, Five Hundred Seventy-Three Dollars ($333,573.00), together with interest, the cost of this action and such other and further relief as this Court deems just and proper.

THE PLAINTIFF,

By: _____
    Stuart G. Blackburn, Esq.
    Law Offices of Stuart G. Blackburn
    Two Concorde Way
    P.O. Box 608
    Windsor Locks, CT  06096
    Tel. (860) 292-1116
    Fax (860) 292-1221
    BBO # 549797

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)
   Fireman's Fund Insurance Co. v. Whirlpool Corporation

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ☐ I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ☐ II. 195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730, *Also complete AO 120 or AO 121
         740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   for patent, trademark or copyright cases

   ☒ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
          315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
          380, 385, 450, 891.

   ☐ IV. 220, 422, 423, 430, 460, 480, 490, 610, 620, 630, 640, 650, 660,
         690, 810, 861-865, 870, 871, 875, 900.

   05-10786 NMG

   ☐ V. 150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   N/A

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☒
   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES ☒   NO ☐

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☒   Central Division ☐   Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐   Central Division ☐   Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☒

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   Stuart G. Blackburn, Esq.
ADDRESS   2 Concorde Way, PO Box 608, Windsor Locks, CT 06096
TELEPHONE NO.   (860) 292-1116

(CategoryForm.wpd - 2/15/05)

JS 44
(Rev. 3/99)

CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THIS FORM.)

**I (a) PLAINTIFFS**
Fireman's Fund Insurance Company a/s/o David Ryan
777 Marin Drive
Novado, CA 94998

**DEFENDANTS**
Whirlpool Corporation
200 North M-63
Benton Harbor, MI 49022

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Berrien
(U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Stuart G. Blackburn, Esq.
Law Offices of Stuart G. Blackburn
Two Concorde Way, PO Box 608
Windsor Locks, CT 06096
860-292-1116

ATTORNEYS (IF KNOWN)

**II. BASIS OF JURISDICTION** (PLACE AN X IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place Of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place Of Business In Another State | ☒ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury-- Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury-- Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization |
| | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | | | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| | | | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 220 Foreclosure | ☐ 442 Employment / Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 871 IRS--Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | ☐ 890 Other Statutory Actions |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | | |
| ☒ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | | |
| ☐ 290 All Other Real Property | / ☐ 550 Other | | | |

**V. ORIGIN** (PLACE AND X IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

28 USC §1332 Product liability, Product damage

**VII. REQUESTED IN COMPLAINT:**
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND** In excess of $333,573.00

Check YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES ☐ NO

**VIII. RELATED CASES(S) IF ANY** (See instructions):
NONE
JUDGE _____ DOCKET NUMBER _____

DATE

SIGNATURE OF ATTORNEY OF RECORD    Stuart G. Blackburn, Esq.

FOR OFFICE USE ONLY

RECEIPT# _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____