UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FIREMAN'S FUND INSURANCE )
COMPANY a/s/o DAVID RYAN, )
         Plaintiff, )
             ) Civil Action No. 1:05-CV-10786(NMG)
v. )
             )
WHIRLPOOL CORPORATION, )
         Defendant. )

The Defendant Whirlpool Corporation ("Whirlpool") answers Plaintiff's Complaint, and except as specifically admitted, each and every allegation in the Complaint is expressly denied.

## **ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND**

1.     Whirlpool is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 1 and therefore denies those allegations.

2.     Whirlpool admits the allegations of paragraph 2.

3.     Whirlpool does not challenge this court's jurisdiction. Whirlpool is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 3 and therefore denies those allegations.

4.     Whirlpool admits the allegations in paragraph 4.

5.     Whirlpool is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 5 and therefore denies those allegations.

6.  Whirlpool is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 6 and therefore denies those allegations.

7.  Whirlpool admits the allegations in paragraph 7.

8.  Whirlpool admits the allegations in paragraph 8.

9.  Whirlpool admits that there was a fire in the premises on November 25, 2003. Whirlpool is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 9 and therefore denies those allegations.

10. Whirlpool denies the allegations in paragraph 10.

11. Whirlpool is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 11 and therefore denies those allegations.

12. Whirlpool is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 12 and therefore denies those allegations.

13. Paragraph 13 is a statement of law to which Whirlpool need not provide a response. To the extent that paragraph 13 asserts any factual allegations, Whirlpool Corporation denies those allegations.

## COUNT I
## (NEGLIGENCE/PRODUCT LIABILITY)

1-13.  Whirlpool repeats and incorporates by reference its responses to paragraphs 1-13 above.

14(a)-(i).  Whirlpool denies the allegations in paragraph 14 including subparts (a)-(i).

14. [sic]   Whirlpool denies the allegations of paragraph 14.

## COUNT II
## (BREACH OF EXPRESS WARRANTY)

1-13.      Whirlpool repeats and incorporates by reference its responses to paragraphs 1-14 above.

14. [sic]   Whirlpool denies the allegations in paragraph 14.

15(a)-(i).  Whirlpool denies the allegations in paragraph 15 including subparts (a)-(i).

16.        Whirlpool denies the allegations in paragraph 16.

## COUNT III
## (BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY)

1-13.      Whirlpool repeats and incorporates by reference its responses to paragraphs 1-16 above.

14. [sic]   Whirlpool denies the allegations in paragraph 14.

15(a)-(i). [sic] Whirlpool denies the allegations in paragraph 15 including subparts (a)-(i).

16. [sic]   Whirlpool denies the allegations in paragraph 16.

### AFFIRMATIVE DEFENSES

FIRST AFFIRMATIVE DEFENSE:

The Plaintiff's Complaint fails to state a claim against Whirlpool upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE:

The Plaintiff is barred from recovery on a theory of negligence because the Plaintiff's own negligence exceeded any amount of negligence alleged on the part of Whirlpool. If Plaintiff is entitled to recover on a theory of negligence because it's

negligence did not exceed the amount of negligence alleged on the part of Whirlpool (which Whirlpool specifically denies), their recovery should be reduced by a percentage corresponding to the Plaintiff's own negligence.

### THIRD AFFIRMATIVE DEFENSE:

The Plaintiff is barred from recovery against Whirlpool because its alleged losses were caused by the intervening, superseding misconduct of persons for whose conduct Whirlpool bears no responsibility.

### FOURTH AFFIRMATIVE DEFENSE:

The Plaintiff is barred from recovery against Whirlpool because the conduct of persons other than Whirlpool was the sole proximate cause of the Plaintiff's alleged injuries and damage.

### FIFTH AFFIRMATIVE DEFENSE:

The Plaintiff is barred from recovery against Whirlpool because the Plaintiff's alleged damages were caused by the acts or omissions of persons for whose conduct Whirlpool is not responsible.

### SIXTH AFFIRMATIVE DEFENSE:

The Plaintiff is barred from recovery to the extent the Plaintiff failed to take reasonable steps to mitigate its alleged damages.

### SEVENTH AFFIRMATIVE DEFENSE:

The Plaintiff is barred from recovery against Whirlpool to the extent the subject product was substantially changed and/or modified after it left the custody or control of the manufacturer.

EIGHTH AFFIRMATIVE DEFENSE:

Upon information and belief, at all times during the design, manufacture, engineering, assembly and inspection of the subject product, the same was in compliance with all applicable federal and state legislative regulatory standards or administrative regulatory safety standards relating to the design or performance of the allegedly defective portions of the product. Therefore, Plaintiff may not recover against Whirlpool.

NINTH AFFIRMATIVE DEFENSE:

Whirlpool would show that all systems and design of the product at issue were within the state of the art at the time of manufacture and initial sale and did not present an unreasonable risk to the user or those who might be affected by the product. Therefore, Plaintiff may not recover against Whirlpool.

TENTH AFFIRMATIVE DEFENSE:

Plaintiff's claim for punitive damages violates the Fifth, Sixth, Seventh, Eighth and Fourteenth Amendments to the Constitution of the United States. The Double Jeopardy clause is violated because Whirlpool could be subject to multiple awards of damages for the same set of acts. Punitive damages constitute an assessment by burden of proof less than that of a reasonable doubt in violation of the Sixth and Fourteenth Amendments because punitive damages are a fine or penalty and are quasi criminal in nature. Whirlpool's access to the courts as guaranteed by the Seventh and Fourteenth Amendments is denied because the threat of an aware of punitive damages chills Whirlpool's exercise of that right. Plaintiff's claim for punitive damages violates the Eighth Amendment's guarantee that excessive fines will not be imposed.

## JURY DEMAND

Whirlpool Corporation demands a trial by jury on all counts so triable.

WHEREFORE, Whirlpool Corporation, having responded to the Complaint, prays unto the Court as follows:

1. That all claims against Whirlpool Corporation be dismissed with prejudice;

2. For recovery of its costs and attorneys' fees, to the extent permitted by law; and

3. For all other relief deemed just and appropriate by this Court.

**WHIRLPOOL CORPORATION**
By its attorneys,
CAMPBELL CAMPBELL EDWARDS & CONROY,
PROFESSIONAL CORPORATION,


/s/ Steven M. Key
Richard L. Edwards (BBO# 151520)
Steven M. Key (BBO# 638145)
One Constitution Plaza
Boston, MA 02129
(617) 241-3000
redwards@campbell-trial-lawyers.com
skey@campbell-trial-lawyers.com