IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

| | |
|---|---|
| FIREMAN'S FUND INSURANCE COMPANY<br>As Subrogee of<br>David Ryan<br>777 Marin Drive<br>Novado, California 94998<br><br>          Plaintiff<br><br>v.<br><br>WHIRLPOOL CORPORATION<br>200 North M-63<br>Benton Harbor, MI  49022<br><br>          Defendant | CIVIL ACTION NO.<br>1:05-CV-10786(NMG)<br><br><br><br><br><br><br><br><br><br>JULY 5, 2005 |

---

## AMENDED COMPLAINT

NOW COMES Plaintiff, Fireman's Fund Insurance Company (hereinafter "FFIC") by and through its undersigned counsel, hereby demands judgment against Defendant Whirlpool Corporation (hereinafter "Whirlpool"), and in support thereof avers as follows:

1.      Plaintiff "FFIC" is a corporation organized an existing under laws of the State of California with a principal place of business at 777 San Marin Drive, Novado, California 94998 which at all times material hereto was duly authorized to issue insurance policies in the Commonwealth of Massachusetts.

2.      Defendant Whirlpool is a corporation authorized to conduct business

-2-

within the Commonwealth of Massachusetts with its principal place of business located at 2000 North M-63, Benton Harbor, Michigan, 49022.

## JURISDICTION AND VENUE

3. The jurisdiction of this court is invoked pursuant to 28 U.S.C. §1332(a). The matter in controversy exceeds, exclusive of interest and costs, the sum of Three Hundred Thirty-Three Thousand, Five Hundred Seventy-Three Dollars ($333,573.00) and there is diversity of citizenship between the Plaintiff and the Defendant.

4. Venue in this action is in the District of Massachusetts pursuant to 28 U.S.C. §1391 as the claim arose in this district.

## GENERAL ALLEGATIONS

5. FFIC's insured, David Ryan, at all times mentioned herein was the owner of residential property known as 7 Sandpiper Way, Nantucket, Massachusetts (hereinafter referred to as "the premises").

6. Prior to November 25, 2003, FFIC issued a policy of insurance to David Ryan, Policy Number NZB 02805730, which provided insurance coverage for the premises.

7. At all times material hereto, Whirlpool was a manufacturer and distributor of kitchen appliances.

8. At all times material hereto, the premises was equipped with a KitchenAid refrigerator, model number KTRS22KHW, that was designed, manufactured and distributed by Whirlpool.

9. On or about November 25, 2003, a fire originated in the kitchen area of the premises.

10. The aforementioned KitchenAid refrigerator failed and was the cause of the fire.

11. The damage to the premises was in excess of $333,573.00.

12. Pursuant to the terms and conditions of the policy, FFIC made payments to David Ryan.

13. Pursuant to the principles of legal and equitable subrogation, as well as the terms and conditions of the aforementioned policy of insurance, FFIC is subrogated to the rights of its insured to the extent of its payments.

## COUNT I

## NEGLIGENCE/PRODUCT LIABILITY

1-13. FFIC incorporates by reference each and every allegation set forth in paragraphs 1-13 above as though the same were fully set forth herein at length.

14. The aforementioned failure of the refrigerator and resulting damages were a direct and proximate result of the negligence, carelessness and negligent omissions of Whirlpool in:

(a) designing, manufacturing, selling and/or otherwise placing into the stream of commerce a refrigerator that was in a defective condition, unreasonably dangerous to consumers, including FFIC's insured herein;

(b) failing to adequately warn FFIC's insured of the defects in the refrigerator when Whirlpool knew or should have known of the defects and that they constituted a danger;

(c) carelessly, recklessly and negligently designing, manufacturing, distributing and selling the refrigerator in a defective and unreasonably dangerous condition;

(d) carelessly, recklessly and negligently failing to adequately, properly and safely inspect and/or test the refrigerator and to make the necessary corrections and adjustments thereto, which inspections and tests would have revealed the existence of the aforesaid dangerous condition, and which adjustments and/or corrections would have remedied same;

(e) carelessly, recklessly and negligently failing to discover defects in the refrigerator;

(f) carelessly, recklessly and negligently failing to exercise the requisite degree of care and caution in the design, manufacture, distribution and sale of the refrigerator;

(g) carelessly, recklessly and negligently failing to properly and adequately design and manufacture the refrigerator in order to provide a safe product;

(h) carelessly, recklessly and negligently failing to adequately, properly and/or completely supervise its personnel in the design, manufacture, distribution and sale of the refrigerator; and

(i) carelessly, recklessly and negligently failing to remove the refrigerator from the market when the defendant knew or should have known of the defects in the refrigerator and that they constituted a danger;

14. As a direct and proximate result of Whirlpool's designing, manufacturing and selling a product that was in a defective, unreasonably dangerous condition, the fire and damages referred to above occurred.

WHEREFORE, Plaintiff FFIC demands judgment against Defendant Whirlpool in excess of Three Hundred Thirty-Three Thousand, Five Hundred Seventy-Three Dollars ($333,573.00), together with interest, the cost of this action, fees and such other and further relief as this Court deems just and proper.

## COUNT II
## BREACH OF EXPRESS WARRANTY

1-13.   FFIC incorporates by reference each and every allegation set forth in paragraphs 1-13 above as though the same were fully set forth herein at length.

14.   Whirlpool, by virtue of advertisements, promotional literature, and/or sales brochures, made certain express warranties to the general public, and to FFIC's insured in particular, that the refrigerator was safe and free from defects.

15.   Whirlpool breached its express warranties in:

(a)   designing, manufacturing, selling and/or otherwise placing into the stream of commerce a refrigerator that was in a defective condition, unreasonably dangerous to consumers, including FFIC's insured herein;

(b)   failing to adequately warn FFIC's insured of the defects in the refrigerator when Whirlpool knew or should have known of the defects and that they constituted a danger;

(c)   carelessly, recklessly and negligently designing, manufacturing, distributing and selling the refrigerator in a defective and unreasonably dangerous condition;

(d)   carelessly, recklessly and negligently failing to adequately, properly and safely inspect and/or test the refrigerator and to make the necessary

corrections and adjustments thereto, which inspections and tests would have revealed the existence of the aforesaid dangerous condition, and which adjustments and/or corrections would have remedied same;

(e) carelessly, recklessly and negligently failing to discover defects in the refrigerator;

(f) carelessly, recklessly and negligently failing to exercise the requisite degree of care and caution in the design, manufacture, distribution and sale of the refrigerator;

(g) carelessly, recklessly and negligently failing to properly and adequately design and manufacture the refrigerator in order to provide a safe product;

(h) carelessly, recklessly and negligently failing to adequately, properly and/or completely supervise its personnel in the design, manufacture, distribution and sale of the refrigerator; and

(i) carelessly, recklessly and negligently failing to remove the refrigerator from the market when the defendant knew or should have known of the defects in the refrigerator and that they constituted a danger;

16. As a direct and proximate result of Whirlpool's breach of its express warranties by designing, manufacturing and selling a product that was in a defective, unreasonably dangerous condition, the fire and damages referred to above occurred.

WHEREFORE, Plaintiff FFIC demands judgment against Defendant Whirlpool in excess of Three Hundred Thirty-Three Thousand, Five Hundred Seventy-Three Dollars ($333,573.00), together with interest, the cost of this action, fees and such other and further relief as this Court deems just and proper.

## COUNT III

## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

1-13.  FFIC incorporates by reference each and every allegation set forth in paragraphs 1-13 above as though the same were fully set forth herein at length.

14.  Whirlpool impliedly warranted that the refrigerator was of merchantable quality.

15.  Whirlpool breached its implied warranty of mechantability in:

(a)  designing, manufacturing, selling and/or otherwise placing into the stream of commerce a refrigerator that was in a defective condition, unreasonably dangerous to consumers, including FFIC's insured herein;

(b)  failing to adequately warn FFIC's insured of the defects in the refrigerator when Whirlpool knew or should have known of the defects and that they constituted a danger;

(c)  carelessly, recklessly and negligently designing, manufacturing, distributing and selling the refrigerator in a defective and unreasonably dangerous condition;

(d)  carelessly, recklessly and negligently failing to adequately, properly and safely inspect and/or test the refrigerator and to make the necessary corrections and adjustments thereto, which inspections and tests would have revealed the existence of the aforesaid dangerous condition, and which adjustments and/or corrections would have remedied same;

(e)  carelessly, recklessly and negligently failing to discover defects in the refrigerator;

(f) carelessly, recklessly and negligently failing to exercise the requisite degree of care and caution in the design, manufacture, distribution and sale of the refrigerator;

(g) carelessly, recklessly and negligently failing to properly and adequately design and manufacture the refrigerator in order to provide a safe product;

(h) carelessly, recklessly and negligently failing to adequately, properly and/or completely supervise its personnel in the design, manufacture, distribution and sale of the refrigerator; and

(i) carelessly, recklessly and negligently failing to remove the refrigerator from the market when the defendant knew or should have known of the defects in the refrigerator and that they constituted a danger;

16. As a direct and proximate result of Whirlpool's breach of its implied warranty of merchantability by designing, manufacturing and selling a product that was in a defective, unreasonably dangerous condition, the fire and damages referred to above occurred.

WHEREFORE, Plaintiff FFIC demands judgment against Defendant Whirlpool in excess of Three Hundred Thirty-Three Thousand, Five Hundred Seventy-Three Dollars ($333,573.00), together with interest, the cost of this action and such other and further relief as this Court deems just and proper.

-9-

        THE PLAINTIFF,

By: _____
        Erik Loftus, Esq., Esq.
        Law Offices of Stuart G. Blackburn
        Two Concorde Way
        P.O. Box 608
        Windsor Locks, CT  06096
        Tel. (860) 292-1116
        Fax (860) 292-1221
        BBO # 656315

## CERTIFICATION

I hereby certify that the foregoing AMENDED COMPLAINT has been mailed this 5th day of July, 2005, first class mail, postage prepaid to the following:

Steven M. Key, Esq.
Campbell Campbell Edwards & Conroy
One Constitution Plaza, Third Floor
Boston, MA  02129

_____
Erik Loftus, Esq.