## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| PATRICK R. TREANOR, LORRAINE | : | CIVIL ACTION NO. |
| KELLEY TREANOR, INDIVIDUALLY, AND | : |  |
| AS PARENT AND NEXT FRIEND OF | : |  |
| MADELYN TREANOR, AND AS PARENT | : |  |
| AND NEXT FRIEND OF ALLISON TREANOR | : |  |
|  | : |  |
| v. | : |  |
|  | : |  |
| NATIONAL RAILROAD PASSENGER | : |  |
| CORPORATION (a/k/a "AMTRAK") AND | : |  |
| CSX TRANSPORTATION, INC. | : |  |

### LOCAL RULE 81.1 STATEMENT

Pursuant to Local Rule 81.1 of the United States District Court for the District of

Massachusetts, attached as Exhibit A are certified copies of all of the filings in the matter of

Patrick R. Treanor, Lorraine Kelley Treanor, individually, and as parent and next Friend of

Madelyn Treanor and as Parent and Next Friend of Allison Treanor v. National Railroad

Passenger Corporation and CSX Transportation, Inc., in the docket of the Superior Court of the

Commonwealth of Massachusetts for Suffolk County.

Defendants,
NATIONAL RAILROAD PASSENGER
CORPORATION and CSX
TRANSPORTATION, INC.
By and Through Their Attorneys,

Dated: August 9, 2005

Paul E. Dwyer, Jr., Esq. (BBO #553848)
William H. Priestley, Esq. (BBO #630627)
EDWARDS & ANGELL, LLP
2800 Financial Plaza
Providence, RI 02903-2499
Phone: (401) 274-9200
Fax:     (401) 276-6611

## CERTIFICATE OF SERVICE

I hereby certify that on this _____ day of August, 2005, I served a copy of the within document by causing a copy to be sent via First Class U.S. Mail, postage pre-paid to the above-named counsel.


TO:      Peter M. McElroy, Esquire
         Cosgrove, Eisenberg & Kiley, P.C.
         803 Hancock Street, P.O. Box 189
         Quincy, MA 02170

                                              William H. Priestley, Esq.

## COMMONWEALTH OF MASSACHUSETTS

| | | |
|---|---|---|
| SUFFOLK, SS. | : | SUPERIOR COURT |
| PATRICK R. TREANOR, LORRAINE | : | CA NO. SUCV2005-01467-A |
| KELLEY TREANOR, INDIVIDUALLY, AND | : | 05-CV-11538NMG |
| AS PARENT AND NEXT FRIEND OF | : | |
| MADELYN TREANOR, AND AS PARENT | : | |
| AND NEXT FRIEND OF ALLISON TREANOR | : | |
| | : | |
| v. | : | |
| | : | |
| NATIONAL RAILROAD PASSENGER | : | |
| CORPORATION (a/k/a "AMTRAK") AND | : | |
| CSX TRANSPORTATION, INC. | : | |

## NOTICE OF FILING NOTICE OF REMOVAL TO
## UNITED STATES DISTRICT COURT

TO: PATRICK R. TREANOR, LOORAINE KELLEY TREANOR, INDIVIDUALLY, AND
AS PARENT AND NEXT FRIEND OF MADELYN TREANOR, AND AS PARENT AND
NEXT FRIEND OF ALLISON TREANOR, By and Through their Attorney of Record, Peter M.
McElroy, Esquire, Cosgrove, Eisenberg & Kiley, P.C., 803 Hancock Street, P.O. Box 189,
Quincy, MA 02170.

PLEASE TAKE NOTE that on the __18__ day of July, 2005, this action was removed from

the Superior Court of the Commonwealth of Massachusetts for Suffolk County to the United

States District Court for the District of Massachusetts. A copy of the Notice of Removal filed in

the United States District Court is attached as Exhibit A.

Dated: July 22, 2005

Defendants, NATIONAL RAILROAD
PASSENGER CORPORATION and
CSX TRANSPORTATION, INC.
By and Through Their Attorneys,

Paul E. Dwyer, Jr., Esq. (BBO #553848)
William H. Priestley, Esq. (BBO #630627)
EDWARDS & ANGELL, LLP
2800 Financial Plaza
Providence, RI 02903-2499
Phone: (401) 274-9200
Fax:  (401) 276-6611

## CERTIFICATE OF SERVICE

I hereby certify that on this _____ 22⁴ day of July, 2005, I served a copy of the within document by causing a copy to be sent via First Class U.S. Mail, postage pre-paid to the above-named counsel.

TO:    Peter M. McElroy, Esquire
       Cosgrove, Eisenberg & Kiley, P.C.
       803 Hancock Street, P.O. Box 189
       Quincy, MA 02170

William H. Priestley, Esq.

## SUFFOLK SUPERIOR COURT
### Case Summary
### Civil Docket

# SUCV2005-01467
## Treanor et al v National Railroad Passenger Corp et al

| | | | | | | |
|---|---|---|---|---|---|---|
| **File Date** | 04/15/2005 | **Status** | Disposed: transfered to other court (dtrans) | | | |
| **Status Date** | 07/26/2005 | **Session** | A - Civil A, 3 Pemberton Square, Boston | | | |
| **Origin** | 1 | **Case Type** | B99 - Misc tort | | | |
| **Lead Case** | | **Track** | F | | | |

| | | | | | |
|---|---|---|---|---|---|
| **Service** | 07/14/2005 | **Answer** | 09/12/2005 | **Rule12/19/20** | 09/12/2005 |
| **Rule 15** | 09/12/2005 | **Discovery** | 02/09/2006 | **Rule 56** | 03/11/2006 |
| **Final PTC** | 04/10/2006 | **Disposition** | 06/09/2006 | **Jury Trial** | No |

### PARTIES

| | |
|---|---|
| **Plaintiff**<br>Patrick R Treanor<br>Active 04/15/2005 | **Private Counsel 332480**<br>Peter M McElroy<br>Cosgrove Eisenberg & Kiley<br>803 Hancock Street<br>PO Box 189<br>Quincy, MA 02170<br>Phone: 617-479-7770<br>Fax: 617-773-6901<br>Active 04/15/2005 Notify |
| **Plaintiff**<br>Lorraine Kelley Treanor<br>Active 04/15/2005 | *** See Attorney Information Above *** |
| **Plaintiff**<br>Madelyn Treanor<br>Active 04/15/2005 | *** See Attorney Information Above *** |
| **Plaintiff**<br>Allison Treanor ppa<br>Active 04/15/2005 | *** See Attorney Information Above *** |

## SUCV2005-01467
## Treanor et al v National Railroad Passenger Corp et al

| **Defendant** | **Private Counsel 553848** |
|---|---|
| National Railroad Passenger Corp | Paul E Dwyer |
| Served: 07/08/2005 | Edwards & Angell LLP |
| Served (answr pending) 07/14/2005 | 2800 Financial Plaza |
| | Providence, RI 02903 |
| | Phone: 401-274-9200 |
| | Fax: 401-276-6611 |
| | Active 07/26/2005 Notify |
| | |
| | **Private Counsel 630627** |
| | William H Priestley |
| | Edwards & Angell LLP |
| | 2800 Financial I Plaza |
| | Providence, RI 02903 |
| | Phone: 401-274-9200 |
| | Fax: 401-276-6611 |
| | Active 07/26/2005 Notify |

**Alias defendant name**
Amtrak
Active 04/15/2005

| **Defendant** | **Private Counsel 553848** |
|---|---|
| CSX Transportation Inc | Paul E Dwyer |
| Served: 07/11/2005 | Edwards & Angell LLP |
| Served (answr pending) 07/14/2005 | 2800 Financial Plaza |
| | Providence, RI 02903 |
| | Phone: 401-274-9200 |
| | Fax: 401-276-6611 |
| | Active 07/26/2005 Notify |
| | |
| | **Private Counsel 630627** |
| | William H Priestley |
| | Edwards & Angell LLP |
| | 2800 Financial I Plaza |
| | Providence, RI 02903 |
| | Phone: 401-274-9200 |
| | Fax: 401-276-6611 |
| | Active 07/26/2005 Notify |

**ENTRIES**

| Date | Paper | Text |
|---|---|---|
| 04/15/2005 | 1.0 | Complaint & Jury demand |
| 04/15/2005 | | Origin 1, Type B99, Track F. |
| 04/15/2005 | 2.0 | Civil action cover sheet filed |
| 07/14/2005 | 3.0 | SERVICE RETURNED: CSX Transportation Inc(Defendant) (in hand) |

### SUCV2005-01467
### Treanor et al v National Railroad Passenger Corp et al

| Date | Paper | Text |
|------|-------|------|
| 07/14/2005 | 4.0 | SERVICE RETURNED: National Railroad Passenger Corp(Defendant) (certified mail) |
| 07/21/2005 | | Case status changed to 'Needs review for answers' at service deadline review |
| 07/25/2005 | | Certified copy of petition for removal to U. S. Dist. Court of Defts. National Railroad Passenger Corporation and CSX Transportation, Inc. U. S. Dist.#(05-CV-11538NMG). |
| 07/26/2005 | | Case REMOVED this date to US District Court of Massachusetts |

**EVENTS**

I HEREBY ATTEST AND CERTIFY ON

JULY 27, 2005 , THAT THE

FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY:

ASSISTANT CLERK.

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.                                    SUPERIOR COURT DEPT.
                                               CIVIL ACTION NO. 05 - 1 4 6 7 - A

PATRICK R. TREANOR,
LORRAINE KELLEY TREANOR,
INDIVIDUALLY, AND AS PARENT
AND NEXT FRIEND OF
MADELYN TREANOR, AND AS
PARENT AND NEXT FRIEND OF
ALLISON TREANOR
        *Plaintiff*

v.

NATIONAL RAILROAD PASSENGER CORPORATION
(a/k/a "AMTRAK") AND
CSX TRANSPORTATION, INC.
        *Defendants*

## **COMPLAINT AND DEMAND FOR TRIAL BY JURY**

1.      The Plaintiff, Patrick R. Treanor is a resident of Dedham, Norfolk County,

Massachusetts, and the husband of plaintiff, Lorraine Kelley Treanor.

2.      The plaintiff, Lorraine Kelley Treanor is a resident of Dedham, Norfolk County,

Massachusetts, and the wife of plaintiff Patrick R. Treanor.

3.      The plaintiff, Lorraine Kelley Treanor, as parent and next friend of Madelyn

Treanor, is a resident of Dedham, Norfolk County, Massachusetts.

4.      The plaintiff, Lorraine Kelley Treanor, as parent and next friend of Allison

Treanor, is a resident of Dedham, Norfolk County, Massachusetts.

5.      The defendant, National Railroad Passenger Corporation (a/k/a "AMTRAK"), is a

corporate entity organized under the laws of the District of Columbia and 49 U.S.C. §24101, *et*

*seq.*, with its usual place of business at 60 Massachusetts Avenue, N.E., Washington, D.C., and which regularly conducts business in Suffolk County and elsewhere in the Commonwealth of Massachusetts.

6.     Defendant, CXS Transportation, Inc. ("CSX") is a corporate entity organized under the laws of Virginia with its usual place of business at 500 Water Street, Jacksonville, Florida and which regularly conducts business in Suffolk County and elsewhere in the Commonwealth of Massachusetts.

7.     This action is brought to recover damages for the injuries suffered by the Plaintiffs due to the negligence of the Defendants.

## FACTUAL BACKGROUND

8.     On April 18, 2002, the Plaintiffs were ticketed passengers on board the The Auto Train, AMTRAK train PO52-18 traveling from Sanford, Florida to Lorton, Virginia. Their car was also on board the train.

9.     At about 5:08 p.m., the four Plaintiffs, Patrick, Lorraine, Madelyn, and Allison Treanor, were passengers in the dining car of The Auto Train. Patrick and Allison were seated at a table, and Madelyn and Lorraine were in the process of being seated.

10.     At or about 5:08 p.m., without warning, The Auto Train derailed as it rounded a curve, while traveling on a track that was owned and maintained by defendant CSX.

11.     Patrick, Lorraine, Madelyn, and Allison Treanor were thrown violently about within their railcar.

12.     The railcar rolled onto its side, finally coming to a stop. Before it did so, rock, dust, and other debris from outside flew in through broken windows, and people and items

2

within the car itself were also thrown violently about. The plaintiffs struck, and were struck, by such things.

13.    At all relevant times, it was the duty of the Defendant, AMTRAK, to exercise the highest degree of care for the safety of its passengers, including Patrick R. Treanor, Lorraine Kelley Treanor, Madelyn Treanor, and Allison Treanor.

14.    At all relevant times, it was the duty of the Defendant, CSX, to exercise the highest duty of care in the ownership, maintenance, operation and control of its railroad tracks, including those at or near Crescent City, Florida, so as not to cause injury to passengers aboard The Auto Train, inclusive of Patrick R.Treanor, Lorraine Kelley Treanor, Madelyn Treanor, and Allison Treanor, and in accordance with the requirements set forth in regulations of the Federal Railroad Administration, and additional duties relative to the ownership, maintenance, operations, and control of CSX railroad tracks.

15.    As a result of the negligence of each Defendant, the Plaintiffs were seriously injured, suffered great pain of body and mind, required medical care, incurred substantial medical bills, and as to plaintiffs Patrick Treanor and Lorraine Kelley Treanor, incurred a loss of wages and earning capacity.

## COUNT I
### Negligence - Patrick R. Treanor

16.    The Plaintiff Patrick R. Treanor incorporates and reasserts paragraph 1- 15 of this complaint as if fully set forth herein.

17.    The Defendants each owed the duty of reasonable care to Patrick R. Treanor.

18.    The Defendants, their employees, and agents, were negligent on, and prior to, April 18, 2002 with respect to the operation of The Auto Train, AMTRAK #PO52-18, and the

3

ownership and maintenance of the tracks upon which this train ran, by, among other things, failing to maintain a safe rail system, and in failing to provide an adequate rail infrastructure, and failing to provide safe carriage of passengers and property.

19.     The Defendants breached their respective duties of reasonable care owed to Patrick R. Treanor.

20.     As a proximate result of the Defendants' breaches of duty, Patrick R. Treanor was seriously injured, suffered great pain of body and mind, has required medical care, has incurred substantial medical expenses, and also incurred a loss of wages and earning capacity.

## COUNT II
### Negligence - Lorraine Kelley Treanor

21.     Plaintiff incorporates and reasserts paragraphs 1-20 of this complaint as if fully set forth herein.

22.     The Defendants each owed the duty of reasonable care to Lorraine Kelley Treanor.

23.     The Defendants, their employees, and agents, were negligent on, and prior to, April 18, 2002 with respect to the operation of The Auto Train, AMTRAK #PO52-18, and the ownership and maintenance of the tracks upon which this train ran, by, among other things, failing to maintain a safe rail system, and in failing to provide an adequate rail infrastructure, and failing to provide safe carriage of passengers and property.

24.     The Defendants breached their respective duties of reasonable care owed to Lorraine Kelley Treanor.

25.     As a proximate result of the Defendants' breaches of duty, Lorraine Kelley Treanor was seriously injured, suffered great pain of body and mind, has required medical care,

4

has incurred substantial medical expenses, and also incurred a loss of wages and earning capacity.

## COUNT III
### Negligence - Lorraine Kelley Trainer ppa Madelyn Treanor

26.    The Plaintiff Lorraine Kelley Treanor, as parent and next friend of Madelyn Treanor, incorporates and reasserts paragraphs 1-25 of this complaint as if fully set forth herein.

27.    The Defendants each owed the duty of reasonable care to Madelyn Treanor.

28.    The Defendants, their employees, and agents, were negligent on, and prior to, April 18, 2002 with respect to the operation of The Auto Train, AMTRAK #PO52-18, and the ownership and maintenance of the tracks upon which this train ran, by, among other things, failing to maintain a safe rail system, and in failing to provide an adequate rail infrastructure, and failing to provide safe carriage of passengers and property.

29.    The defendants breached their respective duties of reasonable care owed to Madelyn Treanor.

30.    As a proximate result of the defendants' breaches of duty, Madelyn Treanor was seriously injured, suffered great pain of body and mind, has required medical care, and has incurred substantial medical expenses.

## COUNT IV
### Negligence - Lorraine Kelley Trainer ppa Allison Treanor

31    The plaintiff Lorraine Kelley Treanor, as parent and next friend of Allison Treanor incorporates and reasserts paragraphs 1-30 of this complaint as if fully set forth herein.

32.    The Defendants each owed the duty of reasonable care to Allison Treanor.

33.    The Defendants, their employees, and agents, were negligent on, and prior to, April 18, 2002 with respect to the operation of The Auto Train, AMTRAK #PO52-18, and the

5

ownership and maintenance of the tracks upon which this train ran, by, among other things, failing to maintain a safe rail system, and in failing to provide an adequate rail infrastructure, and failing to provide safe carriage of passengers and property.

34.     The Defendants breached their respective duties of reasonable care owed to Allison Treanor.

35.     As a proximate result of the Defendants' breaches of duty, Allison Treanor was seriously injured, suffered great pain of body and mind, has required medical care, and has incurred substantial medical expenses.

## COUNT V
### Loss of Consortium - Patrick R. Treanor

36.     The Plaintiff Patrick R. Treanor incorporates and reasserts paragraphs 1-35 of this complaint as if fully set forth herein.

37.     As a result of the negligence of the Defendants, the plaintiff, Patrick R. Treanor has suffered a loss of consortium, including the loss of care, comfort, society, and companionship, of his wife, Lorraine Kelley Treanor.

## COUNT VI
### Loss of Consortium - Lorraine Kelley Treanor

38.     The Plaintiff Lorraine Kelly Treanor incorporates and reasserts paragraphs 1-37 of this complaint as if fully set forth herein.

39.     As a result of the negligence of the Defendants, the Plaintiff, Lorraine Kelley Treanor has suffered a loss of consortium, including the care, comfort, society, and companionship of her husband,  Patrick R. Treanor.

6

**WHEREFORE**, the Plaintiffs pray that judgment be entered against the Defendants in an amount which will fairly and adequately compensate them for their injuries, and all other damages recoverable, together with interest, costs, attorney's fees, and such other relief as may be deemed appropriate.

## PLAINTIFFS DEMAND TRIAL BY JURY

The plaintiffs demand trial by jury on each of their claims, and on each defense that may be so triable.

I HEREBY ATTEST AND CERTIFY ON

JULY 27, 2005 , THAT THE

FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____

ASSISTANT CLERK

Dated:  April 15, 2005

Respectfully submitted,
For the Plaintiffs, Patrick R. Treanor,
Lorraine Kelley Treanor, Individually and as parent
And next friend of Madelyn Treanor, and as parent
And next friend of Allison Treanor
By their Attorney,

Peter M. McElroy, Esq.
Cosgrove, Eisenberg & Kiley, P.C.
803 Hancock Street, P.O. Box 189
Quincy, MA 02170
(617) 479-7770
BBO No. 332480

7

| CIVIL ACTION COVER SHEET | DOCKET NO(S) 05-1467-A | Trial Court of Massachusetts Superior Court Department County: Suffolk |
|---|---|---|

PLAINTIFF(S)
Patrick R. Treanor, Lorraine Kelley Treanor, Individually, and ppa Madelyn Treanor, and ppa Allison Treanor

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE
Peter M. McElroy, Esq., Cosgrove, Eisenberg & Kiley
803 Hancock St., Quincy, MA 02170
Board of Bar Overseers number 332480    (617)479-7770

DEFENDANT(S)
National Railroad Passenger *Service* Corporation (a/k/a "AMTRAK" and CSX Transportation Inc.

ATTORNEY (if known)
Unknown

### Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript relief from judgment/Order (Mass.R.Civ.P.60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B69 | Common Carrier | (F ) | (X ) Yes ( N) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages on

### TORT CLAIMS
(Attach additional sheets as necessary)    PATRICK TREANOR

A. Documented medical expenses to date:
1. Total hospital expenses ................................................ $ .... 515.00
2. Total Doctor expenses ................................................ $ . 4,373.00
3. Total chiropractic expenses ........................................... $ .......
4. Total physical therapy expenses ....................................... $ .......
5. Total other expenses (describe) ....................................... $ .......

Subtotal $ 4,888.00

B. Documented lost wages and compensation to date ........................... $305,235.00
C. Documented property damages to date .................................... $ .......
D. Reasonably anticipated future medical and hospital expenses ............... $ . 2,000.00
E. Reasonably anticipated lost wages ............ (present value) ........ $1,443,967.00
F. Other documented items of damages (describe)

$1,756,090.00

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
Patrick R. Treanor suffered:
Fracture of L1 vertebrae, compression fracture of T12, Chronic mid and low back pain, sciatica, contusions.

$ 300,000.00
TOTAL $ .........
2,056,090.00

### CONTRACT CLAIMS
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

TOTAL $. ........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rule Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

DATE: 4/15/05

Signature of Attorney of Record

I HEREBY ATTEST AND CERTIFY ON

JULY 27, 2005 , THAT THE

FOREGOING DOCUMENT IS A FULL, TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE IN MY OFFICE, AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY:
ASSISTANT CLERK.

**Plaintiff:**

**Lorraine Kelley Treanor:**

    A. Documented medical expenses to date…………………………………..

    1. Total hospital expenses………………………………………………....$1720.22
    2. Total Doctor expenses……………………………………………….$3675.00

                                      Subtotal………$5395.22

    B. Documented lost wages and compensation to date …………………………$24,005.34

    D. Reasonably anticipated future medical expenses and hospital expenses…….$30,000.00

    E . Reasonably anticipated lost wages…………………………………………...$20,000.00

                                      Total:…………$79,400.56

    G. Brief description of plaintiff's injury…………………………………………….

    Lorraine Kelley Treanor was diagnosed with a fracture of the transverse process at L4-L5, seven rib fractures, neck and low back strains/sprains, disc bulges at multiple levels, and contusions.

                                      Subtotal:………....$300,000

                                      Total:…………$379,400.56

**Plaintiff:**

**Madelyn Treanor:**

    A.  Documented medical expenses to date……………………………………..

    1.  Total hospital expenses…………………………………………………....$145.00
    2.  Total Doctor expenses…………………………………………………..$1709.00

                                   Subtotal……….$1854.00

    B.  Documented lost wages and compensation to date …………………………$

    D.  Reasonably anticipated future medical expenses and hospital expenses…….$

    E . Reasonably anticipated lost wages…………………………………………...$

                                   Total:…………$

    G.  Brief description of plaintiff's injury…………………………………………

    Madelyn Treanor was diagnosed with a concussion and possible head injury.  Diagnostic tests were subsequently negative for a closed head injury and subdural bleed. The final diagnosis was post-concussive syndrome, including migraine headaches. The plaintiff also has suffered post accident nightmares and excessive fears about travel.

                                   Subtotal:……......$25,000.00

                                   Total:……………$26,854.00

**Plaintiff:**

**Allison Treanor:**

    A.  Documented medical expenses to date……………………………………..

    1.  Total hospital expenses……………………………………………….....$80.00
    2.  Total Doctor expenses…………………………………………………..$
                                           Subtotal………$80.00

    B.  Documented lost wages and compensation to date ………………………$

    D.  Reasonably anticipated future medical expenses and hospital expenses…….$

    E .  Reasonably anticipated lost wages…………………………………………...$

                                        Total:…………$80.00

    G.  Brief description of plaintiff's injury…………………………………………

    Allison Treanor was diagnosed with multiple bumps and contusions. She experienced psychological shock from the train derailment, but more specifically from seeing her mother taken away, immobilized on a backboard, separated from the rest of her family for an extended time thereafter.  Allison continues to experience nightmares about the wreck and expresses fears about travel beyond the immediate area of her hometown.

                                Subtotal:………....$15,000.00

                                Total:……………$15,080.00

# Commonwealth of Massachusetts

SUFFOLK, ss.



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 05 - 1467

Patrick R. Treanor, et al _____ , Plaintiff(s)

v.

National Railroad Passenger Corporation a/k/a
"AMTRAK" & CSX Transportation, Inc. _____ , Defendant(s)

## SUMMONS

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

To the above-named Defendant: CSX Transportation, Inc., CT Corporation System,
Registered Agent for CSX Transportation, Inc., 101 Federal Street, Boston, MA 02119
You are hereby summoned and required to serve upon Peter M. McElroy, Esq.
Cosgrove, Eisenberg & Kiley, P.C.

plaintiff's attorney, whose address is 803 Hancock St., Quincy, MA 02170 an answer to
the complaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You are also required to file your answer to the complaint in the office
of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable
time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiff which arises out of the transaction or occurrence that is the subject
matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, **Barbara J. Rouse**, Esquire, at Boston, the 7th day of
July , in the year of our Lord two thousand five .

*Michael Joseph Donovan*

Clerk/Magistrate

NOTES
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT   (2) MOTOR VEHICLE TORT   (3) CONTRACT   (4) EQUITABLE RELIEF   (5) OTHER

FORM CIV.P. 1 3rd Rev.

**I HEREBY ATTEST AND CERTIFY ON**
JULY 27, 2005 , **THAT THE**
**FOREGOING DOCUMENT IS A FULL,**
**TRUE AND CORRECT COPY OF THE**
**ORIGINAL ON FILE IN MY OFFICE,**
**AND IN MY LEGAL CUSTODY.**

**MICHAEL JOSEPH DONOVAN**
**CLERK / MAGISTRATE**
**SUFFOLK SUPERIOR CIVIL COURT**
**DEPARTMENT OF THE TRIAL COURT**

BY: _____

ASSISTANT CLERK.

# Commonwealth of Massachusetts



SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 05-1467

Patrick R. Treanor, et al _____ , Plaintiff(s)

v.

National Railroad Passenger Corporation
a/k/a "AMTRAK" and
CSX Transportation, Inc. _____ , Defendant(s)

## SUMMONS

To the above-named Defendant: National Railroad Passenger Corp. a/k/a "AMTRAK",
David L. Gunn, President & CEO, 60 Massachusetts Ave., N.E., Washington, DC  20002

You are hereby summoned and required to serve upon_ Peter M. McElroy, Esq. ____
Cosgrove, Eisenberg & Kiley, P. C.

plaintiff's attorney, whose address is ___ 803 Hancock St, Quincy, MA 02170 _____ , an answer to
the complaint which is herewith served upon you, within 20 days after service of this summons upon you,
exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the
relief demanded in the complaint. You are also required to file your answer to the complaint in the office
of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable
time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which
you may have against the plaintiff which arises out of the transaction or occurrence that is the subject
matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, **Barbara J. Rouse** _____, Esquire, at Boston, the ___7th_____ day of
__July____ _____, in the year of our Lord two thousand __five_____ .

*Michael Joseph Donovan*

Clerk/Magistrate

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.

2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant,
   each should be addressed to the particular defendant.

3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
   (1) TORT    (2) MOTOR VEHICLE TORT    (3) CONTRACT    (4) EQUITABLE RELIEF    (5) OTHER

FORM CIV.P. 1 3rd Rev.

**I HEREBY ATTEST AND CERTIFY ON**

JULY 27, 2005 , **THAT THE**

**FOREGOING DOOUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.**

**MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT**

BY: _____

ASSISTANT CLERK

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.



**UNITED STATES**
**POSTAL SERVICE**

Date: 07/11/2005

Fax Transmission To: mary  diamond
Fax Number: 617–773–6901

Dear: mary  diamond:

The following is in response to your 07/11/2005 request for delivery information on your
Express Mail item number EK21 1218 287U S. The delivery record shows that this item was
delivered or 07/08/2005 at 11:43 AM in WASHINGTON, DC 20002to K THAT. The scanned image
of the recipient information is provided below.

Signature of Recipient: _____ Delivery Section

*Reginald Greenlee*
*REGINALD GREENLEE*

Address of Recipient: _____ *Antionc. 60 MASS. AVE NE*

Thank you for selecting the Postal Service for your mailing needs. If you require
additional assistance, please contact your local Post Office or postal representative.

Sincerely

United States Postal Service

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS.

SUPERIOR COURT DEPT.
CIVIL ACTION NO.: 05-1467

PATRICK R. TREANOR,
LORRAINE KELLEY TREANOR,
INDIVIDUALLY, AND AS PARENT
AND NEXT FRIEND OF
MADELYN TREANOR, AND AS
PARENT AND NEXT FRIEND OF
ALLISON TREANOR
     *Plaintiff*

v.

NATIONAL RAILROAD PASSENGER CORPORATION
(a/k/a "AMTRAK") AND
CSX TRANSPORTATION, INC.
     *Defendants*

## AFFIDAVIT OF COMPLIANCE WITH M.G.L. CHAPTER 223A SEC. 6
## PROOF OF SERVICE

I, the undersigned, am counsel for the Plaintiffs in the above captioned matter. I attest

that on July 8, 2005 I served by express mail the Summons, Complaint, Civil Action Cover

Sheet, and Tracking Order, upon the Defendant, National Railroad Passenger Corp., a/k/a

"AMTRAK" by and through President and Chief Executive Officer, David L. Gunn.

The United States Postal Service confirmed, on July 11, 2005 that the delivery was made

upon this Defendant, and a copy of the signed receipt is attached to this Affidavit. The original

"green card" from the Postal Service is being forwarded to my office, and will be filed with the

court thereafter.

Signed under the pains and penalties 13th day of July, 2005

Peter M. McElroy, Esq.  BBO No: 33248
Cosgrove, Eisenberg & Kiley, P.C.